{¶ 1} Defendant-appellant Christopher Kirkpatrick ("appellant") appeals from the judgment of conviction and sentence entered upon appellant's plea of guilty to five counts of Sexual Battery, in violation of R.C. 2907.03(A)(5), felonies of the third degree.
 {¶ 2} The instant charges arose from appellant's sexual abuse of his minor daughters. The record contains statements made by the victims. The statements provide this Court with some insight as to the horrific and outrageous behavior of appellant and how that conduct will forever scar these young children. After accepting appellant's pleas of guilt, and upon consideration of arguments from counsel, and the other evidence contained within the record, the trial court sentenced appellant to three years on each count, and ordered all sentences to be served consecutively. Through its written entry, the trial court specifically determined that consecutive sentences were necessary to protect the public and punish appellant, and that such sentences were not disproportionate to the conduct and the danger posed by appellant. The trial court further determined that the harm caused by appellant's crimes was so great and/or unusual that a single term would not adequately reflect the seriousness of appellant's conduct. The trial court's written findings were also in accordance with the reasoning placed upon the record during the sentencing hearing.
 {¶ 3} Thereafter, appellant filed a Notice of Appeal with this Court.
 {¶ 4} On May 13, 2002, counsel for appellant, Attorney Andrew T. Sanderson, filed a brief pursuant to Anders vs. California (1967),388 U.S. 924, indicating that the within appeal was wholly frivolous. Counsel for appellant also sought leave to withdraw as counsel for appellant. Counsel for appellant also notified appellant of his right to file a pro se brief raising any and all errors appellant deemed occurred in the trial court. On December 11, 2002, appellant filed a pro se brief indicating that the trial court's sentence was essentially too harsh.
 {¶ 5} R.C. 2929.14(E)(4)(c), provides that if multiple prison terms are imposed on an offender for convictions of multiple offenses, the trial court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crimes or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public, and if the court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
 {¶ 6} In the instant case, we find the trial court's written entry sentencing appellant to consecutive sentences satisfied the above-statutory mandate.
 {¶ 7} We are also satisfied that the trial court made proper inquiry of appellant in order to determine that appellant's pleas were voluntarily, intelligently and knowingly made.
 {¶ 8} Although appellant, through his pro se brief, claims that the trial court's sentence was too harsh, we believe the record demonstrates the contrary. The record demonstrates that appellant was well aware of the possible sentence that could be imposed prior to entering his pleas of guilt. We find no evidence in the record that appellant was not effectively represented at the trial court level.
 {¶ 9} Accordingly, we hereby overrule all claimed errors made by appellant.
 {¶ 10} Pursuant to Anders vs. California, supra, once counsel for appellant notified this Court that he believed the within appeal to be wholly frivolous, this Court must examine the entire record to determine if there is any merit to the within appeal. If this Court determines that the appeal is wholly frivolous, the Court may grant the attorney's request to withdraw.
 {¶ 11} In the instant case, we have examined the entire record and find the within appeal to be wholly frivolous. Accordingly, the motion of Attorney Sanderson to withdraw as counsel for appellant in the instant case is hereby granted.
 {¶ 12} The judgment of conviction and sentence entered against appellant Christopher Kirkpatrick is hereby affirmed.
By: Gwin, P.J.
Hoffman, J. and
Farmer, J. concur.